NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

OPTEC DISPLAYS, INC.,

    Plaintiff,

  v.

AMERICAN MAINTENANCE, INC., d/b/a AMERICAN SIGN AND BILLBOARD, R. JOEL PETROCY and PETER F. WROBLESKI, both individually and trading as UNIVERSAL ELECTRICAL DISPLAY and UNIVERSAL NEON,

    Defendants.

Civ. No. 08-1527 (DRD)

**O P I N I O N**

Appearances:

Alan R. Ackerman, Esq.
1719A Route 10 East
Parsippany, New Jersey 07054
    *Attorney for Plaintiff*

DICKINSON & MALLOW
By: David M. Mallow, Esq.
3212 Park Place
Springfield, New Jersey 07081
    *Attorneys for Defendant American Maintenance, Inc.*
    *d/b/a American Sign and Billboard*

Fred J. Klein, Esq.
One Woodbridge Center Suite 710
Woodbridge, NJ 07095
    *Attorney for Defendants R. Joel Petrocy,*
    *Peter F. Wrobleski, Universal Electrical Display,*
    *and Universal Neon*

**DEBEVOISE, Senior District Judge**

Plaintiff, Optec Displays, Inc. ("Optec") commenced this common law replevin and conversion action against American Maintenance, Inc. d/b/a American Sign and Billboard ("American"), R. Joel Petrocy ("Petrocy") and Peter F. Wrobleski ("Wrobleski"), individually, and together trading as Universal Electric Display and Universal Neon (Petrocy, Wrobleski and their trading names are known, herein, collectively, as "Universal", and together with American as the "Defendants") by filing a complaint (the "Complaint") in the New Jersey Superior Court (the "Superior Court") on March 11, 2008.  Optec served the Complaint and an order to show cause (the "OTSC"), inter alia, upon American on March 12, 2008.  On March 24, 2008, the Superior Court issued a writ of replevin (the "Writ"), ordering that American relinquish possession of certain property to Optec.  Then, on March 26, 2008, American filed a notice of removal (the "Notice") in the United States District Court for the District of New Jersey, and Optec now moves, pursuant to 28 U.S.C. §§ 1446-7, for an order remanding the action to the Superior Court, and for an award of attorneys' fees.  American cross-moves for an order vacating the Writ.

## FACTS

Optec, a manufacturer of LED signs, constructed two 27' LED signs (the "Signs") for a New York customer in a deal arranged by broker Universal at a contract price of $358,000.  After Universal took possession of the Signs, the customer refused delivery of the Signs and cancelled the contract.  Universal hired American to house the Signs until they could be resold.  American continues to store the Signs in a New Jersey warehouse and refuses to relinquish them to Optec

because, American says, it is owed $47,420 in back-rent.  Optec, which claims ownership of the Signs, wants them returned, and brings this action for conversion and replevin, seeking equitable and monetary relief.

Optec submits, along with its reply papers, the affidavit of Donald Martin, who states that he served several papers, including the Complaint and the OTSC, on American on March 12, 2008.  The original OTSC, was returnable on April 4, 2008.  Thereafter, the Superior Court issued an amended OTSC returnable on March 24, 2008.  When American did not appear for the March 24 hearing, the Superior Court issued the Writ and directed that it be served on American within seven days.  On March 26, 2008, American filed and served the Notice in the United States District Court for the District of New Jersey (the "Court").  According to counsel for American, Optec served the Writ, together with the instant motion for remand on April 1, 2008.

Optec argues that the Notice was defective because it did not include the consent of all of the Defendants, and that, in any event, the case must be remanded because the amount in controversy is less than the statutory minimum.  American argues that since no other defendant had appeared at the time the Notice was filed, it is of no consequence that American filed the Notice without the consent of the other defendants.  Moreover, American argues that the argument is moot because Universal now consents to the removal.  American also argues that the object of the litigation--the Signs, with a value, which is not in dispute, much greater than the statutory minimum–is the appropriate measure of the amount in controversy.

## DISCUSSION

Counsel for both Optec and American accuse one another, at length, of using these

3

motions for settlement posturing. The court must determine whether, under the circumstances, this case belongs in federal court, and whether Optec is entitled to an award of attorneys' fees.

**I.      Removal and Remand**

Congress has enacted a comprehensive statutory scheme addressing the removal of state court actions to federal court. See 28 U.S.C. §§ 1441-1452. Section 1441(a) provides that:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court ... embracing the place where such action is pending.

Section 1446 sets forth the procedure for removing a case to federal court, and section 1441 delineates procedures to be followed after an action has been removed. As the Court of Appeals explained in In re FMC Corporation Packaging Systems Div., section 1447 sets forth two categories of cases which must be remanded: "(1) those where a motion identifies a 'defect in the removal procedure'; [and] (2) those where the District Court lacks subject matter jurisdiction." 208 F.3d 445, 448 n.4 (3d Cir. 2000).

    A.      Forum Defendant Rule

Section 1441(b) provides that an action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In this case, since American is a New Jersey corporation, the action is not removable and must be remanded. Although Optec did not raise the argument as part of its motion, the court will not ignore section 1441(b).

American argues that it was never properly served and that "Mr. Martin's April 25, 2008

4

affidavit was constructed after Defendant's motion[,] to 'clarify' the critical omission in his earlier 'Affidavit of Service'." Indeed, the proof of service submitted with Optec's initial motion papers was insufficient on its face, but the court sees no reason to question the veracity of the April 25, 2008 Martin affidavit and deems the same as adequate proof of service of the Complaint and OTSC.

In any event, even if American was not properly joined and served, it is still precluded, as a forum defendant, from removing the action to federal court. See DeAngelo-Shuayto v. Organon USA Inc., 2007 WL 4365311, at *3 (D.N.J. 2007) (finding that the defendant was subject to the restrictions of § 1441(b) regardless of whether it had been properly served at the time of removal); Murphy Bros. v. Michetti Pipe Stringing, 526 U.S. 344, 354 (1999) (finding that statutory interpretation was necessary to make sense out of another portion of § 1441).

  B.  Sua Sponte Remand

The Court will issue a remand order based upon the § 1441(b). Although Optec's motion papers fail to identify this fatal procedural defect, the Court's order derives from Optec's motion, and is not issued sua sponte as the term is used for purposes of motions to remand. See Schexnayder v. Entergy Louisiana, Inc., 394 F.3d 280, 284 (5th Cir. 2004).

The court may not issue an order to remand, sua sponte, except when the court lacks subject matter jurisdiction. FMC, 208 F.3d at 451. Removal by a forum defendant in noncompliance with section 1441(b) does not deprive a federal court of subject matter jurisdiction, and, under section 1447(c), this irregularity must be the subject of a motion to remand. Korea Exchange Bank, New York Branch v. Trackwise Sales Corp., 66 F.3d 46, 50-1 (3d Cir. 1995). Optec has based its motion to remand upon several arguments, but does not make

section 1441(b) the subject of its motion.

"Non-jurisdictional objections to removal may be waived." FMC, 208 F.3d at 451 (citing Ayers v. Watson, 113 U.S. 594 (1885)). The plaintiff has a right to remand if the defendant did not take the right steps when removing, but the plaintiff also may accept the defendant's choice of a federal forum. Id. Having found himself in federal court after removal, the plaintiff may want to stay there. Id. Generally, instead of trying to resolve procedural questions on its own, only to find out that the answer does not matter, the district judge should wait for the parties to reveal whether they want to continue in federal court. Id.

In this case, given that Optec moved for an order remanding the case to the Superior Court, the Court does not risk unduly interfering with the parties' forum selection. Schexnayder, 394 F.3d at 284. In Schexnayder, the Fifth Circuit Court of Appeals held that the statutory language of section 1447(c) does not prevent a district court from raising an *issue* on its own initiative. Indeed, "[b]y its own terms, § 1447(c)" limits a district court's authority only with regard to "motions, not issues." Id. Thus, the Court will remand the case to the Superior Court on Optec's motion, but for reasons different from those raised by Optec.

### III.  Attorneys' Fees

Optec argues that it is entitled to an award of attorneys' fees pursuant to section 1447(c) which provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Whether to award attorneys' fees is a matter of discretion and, "[a]bsent unusual circumstances, courts may award attorneys' fees under § 1447(c) only where the removing party lacked an objectively reasonable

basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Conversely, when an objectively reasonable basis exists, fees should be denied. Id. The objective reasonableness standard is intended to balance two statutory goals: "deter[ing] removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." Id. at 140.

Here, although Optec claims that American used the removal procedure merely to prolong litigation and increase costs for other litigants, American's asserted basis for removal-- the Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 to hear cases with diverse parties where the amount in controversy exceeds $75,000--was reasonable. If § 1441(b) did not exist, this case would be removable. It is undisputed that diversity exists as between Optec and the Defendants. It is also undisputed that the value of the Signs exceeds the statutory minimum. The Complaint includes a cause of action specifically titled "conversion", and all three causes of action include prayers for monetary relief. Since at least one of Optec's requested remedies–monetary damages for conversion–could amount to the full value of the Signs, see Baram v. Farugia, 606 F.2d 42, 44 (3d Cir. 1979), it was reasonable (and probably accurate) for American to believe that the amount in controversy exceeds the statutory minimum.

Here, the remand is based upon a defect (Optec's New Jersey residence) which even Optec did not identify. In light of that, and considering Optec's apparently confused handling this matter before the Superior Court, the court will not grant attorneys' fees. See Saterstad v. Stover, 249 Fed.Appx. 955, 956 (3d Cir. 2007).

## **CONCLUSION**

For the reasons set forth above, Optec's motion to remand will be granted, Optec's motion for an award of attorneys fees' will be denied, and the Court will issue an order remanding the case to the Superior Court.[1]

                                        /s/  Dickinson R. Debevoise
                                        Dickinson R. Debevoise, U.S.S.D.J.

Dated: June 16, 2008

---

[1] The remand order renders moot American's cross-motion for vacatur of the Superior Court's Writ.